UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALEXANDER HOLLEY, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:20cv170 (MPS) |
| v. | : | |
| | : | |
| COMMISSIONER COOK, et al., | : | |
| Defendants. | : | |

## RULING ON CORRECTED MOTION TO AMEND COMPLAINT AND ON MOTION TO DISMISS

The plaintiff, Alexander Holley, is a sentenced inmate in the custody of the Department of Correction ("DOC") currently incarcerated at Brooklyn Correctional Institution ("Brooklyn"). He has filed this civil action under 42 U.S.C. § 1983 against DOC Commissioner Cook, Warden Stephen Faucher, Director of Classification and Population Management David Maiga, and Counselor Supervisor of Offender Classification and Population Management Elizabeth Tugie in their official and individual capacities. (ECF No. 1). He alleged violation of his rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution based on his classification as an inmate who has committed a sexual offense.

After initial review, the court permitted Holley's claims for violation of his Fourteenth Amendment due process and equal protection rights to proceed against Commissioner Cook, Warden Stephen Faucher, Director of Classification and Population Management David Maiga, and Counselor Supervisor of Offender Classification and Population Management Elizabeth Tugie in their individual and official capacities. (ECF No. 9 at 16). The court did not review Holley's claims of violations under the Connecticut Constitution. *Id.* at 1.

1

On July 17, 2020, the defendants filed a motion to dismiss Holley's claims alleging violation of the Connecticut Constitution. (ECF No. 19).

On August 8, 2020, Holley filed an amended complaint and the court denied the motion to dismiss as moot. (ECF Nos. 24, 25).

On September 3, 2020, the defendants filed a renewed motion to dismiss the claims brought under the Connecticut Constitution that this court had not reviewed in its prior initial review order. (ECF No. 26). Thereafter, Holley filed a motion to amend his complaint, and later, he filed a corrected motion amend complaint against the same defendants as his original complaint.  (ECF Nos. 27, 29).

The court will consider the merits of the defendants' motion to dismiss and will conduct an initial review of the corrected amended complaint to determine whether the motion to amend should be granted.

Upon review, the court will grant the defendants' motion to dismiss the claims brought under the Connecticut Constitution. The court will also deny the corrected motion to amend because the corrected amended complaint fails to assert plausible claims.

## I.    LEGAL STANDARD

Pursuant to section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the Complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v.*

*Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

## II.      DISCUSSION

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, the court "should freely give leave" to amend a complaint "when justice so requires" after the time to amend as of right has passed. Fed. R. Civ. P. 15(a)(2). However, the court may decline to allow for leave to amend where it would be futile to do so. *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (although "leave to amend should be granted when justice so requires," circumstances involving "futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party" require denial of a motion for leave to amend) (internal quotation marks and citations omitted).

Holley's corrected amended complaint provides few factual allegations, presents arguments in response to the motion to dismiss, and asserts new claims of violation of the federal Administrative Procedure Act and Eighth Amendment violations. Holley has not provided a specific statement of facts in his corrected amended complaint.[1] Holley asserts that his claims

---

[1] The court notes that an amended complaint completely replaces the prior complaint in the action, and the allegations of the prior complaint are not incorporated into an amended complaint by reference.

3

fall within the scope of the Administrative Procedure Act ("APA"), that his Eighth Amendment

rights were violated due to exposing him to a risk of harm by classifying him as a sex offender,

and that his Connecticut Constitutional claims arise from the same facts as his federal Fourteenth

Amendment claims that this court permitted to proceed beyond initial review.  (ECF No. 29-1 at

pp. 2, 13, 22).[2]

    1.    <u>APA</u>

Holley cannot assert a claim under the federal APA, which applies only to federal

agencies. *See* 5 U.S.C. § 551 (defining agency).  Further, even if he is claiming a violation of the

state Uniform Administrative Procedure Act ("UAPA"), Connecticut General Statute § 4-166,

his claim is not cognizable because the UAPA does not apply to DOC's Administrative

Directives under Connecticut law. "The directives 'are created for the internal management of

the correctional institutions and are not regulations that are subject to the [Uniform

Administrative Procedure Act ("UAPA")] requirements.'" *Cooke v. Deschaine*, No. 3:16-CV-

138 (SRU), 2017 WL 1628400, at *4 (D. Conn. Apr. 28, 2017) (quoting *Pierce v. Lantz*, 113

Conn. App. 98, 104–05, *cert. denied*, 293 Conn. 915 (2009)).  Accordingly, Holley's proposed

APA claim is not plausible.

    2.    <u>Eighth Amendment Claim</u>

This court previously rejected Holley's assertion of an Eighth Amendment violation

based on his allegedly wrongful classification as a sex offender and the requirements that he

partake in sex offender treatment. (ECF No. 9 at 13).  Specifically, the court noted that Holley

---

    [2] Thus, Holley indicates that he intends to proceed with his Fourteenth Amendment claims asserted in his original complaint.

had not alleged that he was deprived of food, clothing, shelter, medical care, reasonable safety, or sanitary conditions. *Id.* Holley's corrected amended complaint asserts that he is exposed to an excessive risk of harm, ridicule, and harsh treatment due to his classification as a sex offender. ECF No. 29-1 at ¶¶ 39-46.

A cognizable Eighth Amendment claim based on unconstitutional conditions of confinement requires allegations of fact to establish "both an objective element—that the prison officials' transgression was 'sufficiently serious'—and a subjective element—that the official acted, or omitted to act with a 'sufficiently culpable state of mind,' meaning with a 'deliberate indifference to inmate health or safety.'" *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "The Eighth Amendment requires prison officials to 'take reasonable measures to guarantee the safety of the inmates,'" and "[t]hat extends to 'protect[ing] prisoners from violence at the hands of other prisoners.'" *Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020) (quoting *Farmer*, 511 U.S. at 833). An Eighth Amendment claim of deliberate indifference to safety requires a prisoner to show that: (1) he was subject to conditions of confinement that posed an objectively serious risk of harm, as distinct from what a reasonable person would understand to be a minor risk of harm; and (2) a defendant prison official acted not merely carelessly or negligently but with a subjectively reckless state of mind akin to criminal recklessness (*i.e.*, reflecting actual awareness of a substantial risk that serious harm to the prisoner would result). *See Morgan*, 956 F.3d at 89. General threats of physical assault are not enough to constitute a serious risk of substantial harm. *Thomas v. Keane,* No. 99 CIV. 4302 DC, 2001 WL 410095, at *4 (S.D.N.Y. Apr. 23, 2001)

5

(general threat and rumors that "violence will continue" after assaults occurred against other inmates was insufficient).

Holley's proposed Eighth Amendment claims assert a general fear of being subjected to harm but he has not alleged any facts suggesting that he has suffered from threats of imminent harm or any actual harm. This Court has previously held that an almost identical claim was insufficient to satisfy the objective element of the Eighth Amendment analysis. *See Bohn v. Cook*, No. 3:19CV1144(MPS), 2019 WL 5298152, at *6 (D. Conn. Oct. 18, 2019) (dismissing claim that plaintiff's labeling as sex offender exposed plaintiff to danger of physical harassment). Accordingly, Holley's proposed Eighth Amendment claims are not plausible.

      3.    <u>Connecticut Constitutional Claims</u>

As explained in the court's prior Initial Review Order, Holley asserted that his sexual offender classification stigmatized him, damaged his reputation, and caused him to suffer material state-imposed burdens, including his ineligibility to be transferred to a lower security facility and his required program participation as a condition of eligibility for RREC, parole and community release. (ECF No. 9 at 10). The court permitted Holley's claims of Fourteenth Amendment due process violations to proceed beyond initial review for further development. *Id.* Because he also asserted that his classification imposed atypical burdens on him as compared with other inmates who have not been classified as sex offenders, the court also permitted Holley's Fourteenth Amendment equal protection claim to proceed. *Id.* at 11-12. Holley's original complaint referenced violations of the Article First, section 8, 9, and 20 of the

Connecticut Constitution. However, the court will decline to exercise supplemental jurisdiction over such claims because they present novel and complex issues of Connecticut law.[3]

The Connecticut Supreme Court recognized a private cause of action for monetary damages under Article I, sections 7 and 9 of the Connecticut Constitution where the claims arose out of unreasonable searches and seizures and unlawful arrest by police officers. *Binette v. Sabo*, 244 Conn. 23, 47-49 (1998). In reaching its decision, the Connecticut Supreme Court "emphasize[d] that [its] decision to recognize a *Bivens*-type remedy in this case does not mean that a constitutional cause of action exists for every violation of our state constitution." *Id.* at 47.

Although the Connecticut Supreme Court created a cause of action under Article First, sections 7[4] and 9[5] for a *Bivens*-type claim, it has not applied section 9 in the context of a case filed by an inmate in connection with his classification or his conditions of confinement. Therefore, the court declines to exercise supplemental jurisdiction over the claim asserted pursuant to Article First, sections 9 of the Connecticut Constitution.  *See Woolard v. Santiago*, No. 3:19CV1256 (VLB), 2020 WL 2079533, at *11 (D. Conn. Apr. 30, 2020) (declining

---

[3] Where a plaintiff asserts state law claims that derive from the same factual predicate as his plausible federal claims, the court may exercise supplemental jurisdiction over any plausible state law claims, but it also may decline to do so where those claims raise novel and complex issues of state law. *See* 28 U.S.C. § 1367(c)(1) ("The district courts may decline to exercise supplemental jurisdiction over a claim" that "raised a novel or complex issue of State Law....").

[4] Article First, Section 7 provides: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches or seizures; and no warrant to search any place, or to seize any person or things, shall issue without describing them as nearly as may be, nor without probable cause supported by oath or affirmation."

[5] Article First, Section 9 provides: "No person shall be arrested, detained or punished, except in cases clearly warranted by law." Conn. Const. art. 1, § 9.

jurisdiction for claims concerning inmate's confinement under section 9); *see also Torres v. Armstrong*, No. CV990427057S, 2001 WL 1178581, at *1, 6-7 & n.6 (Conn. Super. Ct. Sept. 6, 2001) (narrowly construing *Binette* in a civil action asserting claims of violations of an inmate's rights under the United States and Connecticut Constitutions, including claims of "cruel and unusual punishment under the federal constitution" and a claim of a deprivation "of his rights under ... article first, § 9" of the state constitution, and "declin[ing] to recognize [a] damages action[ ] under the Connecticut and United States constitutions under the circumstances of th[e] case").

Moreover, this court and the Connecticut Superior Court have also declined to recognize a private right of action under Article First, section 20[6] of the Connecticut Constitution.  *See, e.g., Richard v. Strom*, No. 3:18-CV-1451 (CSH), 2018 WL 6050898, at *8 (D. Conn. Nov. 19, 2018) (concluding "[t]here is no established private right of action under the religious discrimination, due process, or equal protection provisions (Article First, Sections 3, 8, and 20)"); *Minto v. Dep't of Mental Health & Addiction Servs.*, No. HHDCV176076730S, 2018 WL 710124, at *9 (Conn. Super. Ct. Jan. 11, 2018) ("Connecticut courts have unanimously declined to recognize a private cause of action under article first, § 20"); *Doe v. Crowley v. Town of Enfield*, No. 3:14 cv 01903 (MPS), 2015 WL 4162435, at *3 (D. Conn. July 9, 2015) (declining to recognize a private right of action under Article First, Sections 8 and 20); *Torres*, 2001 WL 1178581, at *5-*7, & n.4 (Conn. Super. Ct. Sept. 6, 2001) (refusing to recognize prisoner's

---

[6]  Article First, Section 20 provides: "No person shall be denied equal protection of the law nor be subjected to segregation or discrimination in the exercise or enjoyment of his or her civil or political rights because of religion, race, color, ancestry, national origin, sex or physical or mental disability."

claims for money damages and injunctive relief brought directly under Article First, Sections 1, 4, 8, 9, 14 and 20 of the Connecticut Constitution).

Thus, the court concludes that it is inappropriate to exercise supplemental jurisdiction over Holley's claims brought under the Connecticut constitution that raise new and undeveloped issues under state law. *See* 28 U.S.C. § 1367(c)(1) ("The district courts may decline to exercise supplemental jurisdiction over a claim" that "raised a novel or complex issue of State Law...."). Accordingly, the court will grant the defendants' motion to dismiss, but will dismiss the claims without prejudice.

## CONCLUSION

In accordance with the foregoing analysis, the court GRANTS the Motion to DISMISS [ECF No. 26], DENIES the corrected motion to amend [ECF No. 29], and DENIES as moot the motion to amend [ECF No. 27].  Accordingly, Holley's original complaint is the operative complaint and the case shall still proceed on  his claims of violation of his Fourteenth Amendment due process rights based on his stigma plus liberty interest and violation of his Fourteenth Amendment equal protection rights against Commissioner Cook, Warden Stephen Faucher, Director of Classification and Population Management David Maiga, and Counselor Supervisor of Offender Classification and Population Management Elizabeth Tugie in their individual and official capacities.  Because the court declines to exercise jurisdiction over Holley's claims brought under the Connecticut constitution, these claims are dismissed without prejudice.

_____/s/_____
Michael P. Shea
United States District Judge

9

**SO ORDERED** this 5th day of November 2020, at Hartford, Connecticut