UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER HOLLEY, : | |
|     Plaintiff, : | CIVIL ACTION NO. |
| : | 3:20cv170 (MPS) |
| v. : | |
| : | |
| COMMISSIONER COOK, et al., : | |
|     Defendants. : | |

**RULING ON MOTION TO FILE SUPPLEMENTAL COMPLAINT**

The plaintiff, Alexander Holley, is a sentenced inmate in the custody of the Department of Correction ("DOC") currently incarcerated at Brooklyn Correctional Institution ("Brooklyn"). He has filed this civil action under 42 U.S.C. § 1983 against DOC Commissioner Cook, Warden Stephen Faucher, Director of Classification and Population Management David Maiga, and Counselor Supervisor of Offender Classification and Population Management Elizabeth Tugie in their official and individual capacities. (ECF No. 1). He alleged violation of his rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution based on his classification as an inmate who has committed a sexual offense.

After initial review, the court permitted Holley's claims for violation of his Fourteenth Amendment due process rights based on his stigma plus liberty interest and violation of his Fourteenth Amendment equal protection rights to proceed against Commissioner Cook, Warden Stephen Faucher, Director of Classification and Population Management David Maiga, and Counselor Supervisor of Offender Classification and Population Management Elizabeth Tugie in their individual and official capacities. (ECF No. 9 at 16). The court did not review Holley's claims of violations under the Connecticut Constitution. *Id*. at 1.

1

On July 17, 2020, the defendants filed a motion to dismiss Holley's claims alleging violation of the Connecticut Constitution. (ECF No. 19). On August 8, 2020, Holley filed an amended complaint and the court denied the motion to dismiss as moot. (ECF Nos. 24, 25). On September 3, 2020, the defendants filed a renewed motion to dismiss the claims brought under the Connecticut Constitution that this court had not previously reviewed in its initial review order. (ECF No. 26). Thereafter, Holley filed a motion to amend his complaint, and later, he filed a corrected motion to amend the complaint against the same defendants as his original complaint. (ECF Nos. 27, 29).

After review of the motion to dismiss and the proposed corrected amended complaint, the court granted the defendants' motion to dismiss the claims brought under the Connecticut Constitution, and denied the corrected motion to amend because the corrected amended complaint failed to assert plausible claims of Eighth Amendment or Administrative Procedure Act ("APA") violations. (ECF No. 32).

At present, Holley's original complaint is the operative complaint, and the case is proceeding on his claims of violation of his Fourteenth Amendment due process rights based on his stigma plus liberty interest and violation of his Fourteenth Amendment equal protection rights against Commissioner Cook, Warden Stephen Faucher, Director of Classification and Population Management David Maiga, and Counselor Supervisor of Offender Classification and Population Management Elizabeth Tugie in their individual and official capacities. *Id.* at 9.

The plaintiff has now brought a motion to file a supplemental complaint under Federal Rule of Civil Procedure 15(d). (ECF No. 33). Defendants have filed an objection thereto. (ECF No. 33).

2

## I.   STANDARD OF REVIEW

Rule 15(d) of the Federal Rules of Civil Procedure governs motions to file a supplemental pleading. The district court may grant such a motion, in the exercise of its discretion, upon "reasonable notice" and "on just terms." A motion to supplement pleadings under Rule 15(d) is properly filed when a party seeks to plead a "transaction, occurrence or event that happened after the date of the pleading to be supplemented." *Id.* "A trial court has broad discretion in determining whether to grant a motion to supplement under Rule 15(d)." *Biosafe-One, Inc. v. Hawks*, 639 F. Supp. 2d 358, 370 (S.D.N.Y. 2009), *aff'd* 379 F. App'x 4 (2d Cir. 2010).

A district court may grant permission to file a supplemental pleading under Rule 15(d), when it determines that "the supplemental facts connect it to the original pleading." *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). Once that determination is made, the district court should consider the following factors in deciding whether to grant a motion to supplement: "undue delay, bad faith, dilatory tactics, undue prejudice to the opposing party or futility." *Brown v. Department of Corr.*, No. 3:16-cv-376(MPS), 2017 WL 4679232, at *3 (D. Conn. Oct. 18, 2017) (citations omitted).

## II.   DISCUSSION

Defendants argue that the supplemental complaint is confusing, contains conclusory statements mixed with recitations of the law, and does not add any information that could not have been known to Holley at the time he filed his original complaint, including allegations made in his original complaint.

3

Upon review of the complaint, the court agrees that the motion for filing a supplemental complaint under Rule 15(d) is not warranted. However, Holley's reply notes that the defendants have filed an answer to his complaint but have responded that they cannot admit or deny some allegations that are unclear. *See* Answer at ¶¶ 16, 36 (ECF No. 35). Holley's paragraph 16 concerns the consideration of Holley's conviction for risk of injury to a child as sexual in nature at sex treatment needs ("STN") hearing. (ECF No. 1 at ¶ 16); and at paragraph 36, Holley sets forth the restrictions and burdens he experienced due his STN score. *Id.* at ¶ 36 (a)-(d). Although inartfully worded at times, Holley's complaint has adequately provided notice of his Fourteenth Amendment claims for due process violations based on stigma plus and equal protection violation. The specific facts and evidence underlying Holley's Fourteenth Amendment claims can be determined through discovery.

### III.   CONCLUSION

For the foregoing reasons, the motion to file a supplemental complaint is DENIED (ECF No. 33).

_____/s/_____
Michael P. Shea
United States District Judge

**SO ORDERED** this 3d day of March 2021, at Hartford, Connecticut.